No. 73–6809. FALKNER *v.* BLANTON, JUDGE. C. A. 5th Cir. Motion to strike respondent's brief in opposi-

tion and certiorari denied.

MR. JUSTICE DOUGLAS, dissenting.

The petitioner brought this lawsuit under 42 U. S. C. § 1983, for damages, an injunction, and declaratory relief against a Florida probate judge, alleging that the latter had refused to award property clearly due the petitioner under a will. The District Court dismissed the complaint *sua sponte* on the ground that the judge was immune from suit. The Court of Appeals affirmed without opinion.

By its language, § 1983 applies to "every person" acting under color of state authority. In *Pierson* v. *Ray*, 386 U. S. 547 (1967), the Court placed a judicial gloss on that language when it held that Congress did not thereby create liability of judges for damages. *Pierson* should not control here, for equitable relief as well as damages were sought. I assume that subjecting judges to damage liability would discourage vigor and independence of the bench, yet there need be no fear that subjecting judges to equitable relief in § 1983 cases will inhibit desirable judicial behavior. Two Courts of Appeals have concluded that the reasons for immunity in damage actions are inapplicable when injunctions or declaratory judgments are sought and accordingly have distinguished *Pierson*. See *Littleton* v. *Berbling*, 468 F. 2d 389 (CA7 1972), rev'd on other grounds *sub nom. O'Shea* v. *Littleton*, 414 U. S. 488 (1974); *Koen* v. *Long*, 302 F. Supp. 1383 (ED Mo. 1969), aff'd *per curiam*, 428 F. 2d 876 (CA8 1970). See also *Erdmann* v. *Stevens*, 458 F. 2d 1205 (CA2 1972); *Law Students Civil Rights Research Council, Inc.* v. *Wadmond*, 299 F. Supp. 117 (SDNY 1969) (three-judge court) (Friendly, J.), aff'd on other grounds, 401 U. S. 154 (1971).

Nothing in our cases compels the result below. *City of Kenosha* v. *Bruno*, 412 U. S. 507 (1973), held that

municipalities could not be sued under § 1983 even for equitable relief, but the holding was based on the inability to read "municipality" within the meaning of "person" as used in the statute. To read "every person" as including judges places no strain on the words; on the contrary, it is the judicial gloss *Pierson* v. *Ray* placed upon the plain language that causes mischief. Judicial narrowing of this broad remedial statute should proceed no further. I would grant certiorari and reverse the judgment below.